UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN INGRAM,<br>    Plaintiff, | :<br>:<br>: | |
| v. | : | Case No. 3:17-cv-870(MPS) |
| DAVID SOCHACKI, DDS, ET AL.,<br>    Defendants. | :<br>:<br>: | |

## **INITIAL REVIEW ORDER**

The plaintiff, John Ingram, is currently incarcerated at Cheshire Correctional Institution ("Cheshire"). He has filed a complaint under 42 U.S.C. § 1983 against David Sochacki, DDS, John F. Dupont, Jr., DDS, Victor W. Shivy, DDS, Dr. Richard Benoit, DMD, Bruce Lichtenstein, DMD, Peter O'Shea, DDS, and Sharon Brown, Health Services Administrator.

## I. Standard

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* This requirement applies both where the inmate has paid the filing fee and where he is proceeding *in forma pauperis*. *See Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,' " does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts have an obligation to interpret "a *pro se* complaint liberally," the complaint must still include sufficient factual allegations to meet the standard of facial plausibility. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

## II. Plaintiff's Claims

The plaintiff alleges that in July 2012, at Cheshire, he sought dental treatment for severe pain in the area of his lower front teeth. Drs. Sochacki and Shivy did not examine him until about three weeks later, in August 2012, and he experienced severe pain during this interval. Either Dr. Sochacki or Dr. Shivy took x-rays of the plaintiff's teeth. Dr. Sochacki opined that tooth number 23 and tooth number 24 must be extracted because the dental department at Cheshire could not perform root canals of those teeth. Dr. Sochacki prescribed pain medication and indicated that the extractions would take place at a later date.

The plaintiff suffered excruciating pain during August and September 2012 because the pain medication was ineffective. In September, he submitted a request to the dental department regarding the pain that he was experiencing in the area of his lower, front teeth, but no one responded to the request. He then submitted a medical grievance to Health Services Administrator Sharon Brown complaining that he was being denied a root canal and was

experiencing pain in his lower teeth, and that the medication that Dr. Sochacki had prescribed had been ineffective in alleviating the pain. Sharon Brown did not respond to the grievance. The plaintiff alleges that internal DOC directives regarding answering medical complaints and grievances are unconstitutional because they do not provide a timeframe for a response.

At some point in September 2012, Dr. Sochacki extracted tooth number 23 and tooth number 24. Dr. Sochacki told the plaintiff that the DOC does not provide root canals "just to prevent tooth extractions." Dr. Sochacki refused to prescribe pain medication to the plaintiff after the extractions. Several days later, the site of the extractions became painful. The plaintiff experienced pain for about a month and was unable to eat solid foods. He sought medication, but Dr. Sochacki refused to address his complaints or prescribe him pain medication.

In November 2012, Drs. Sochacki and Dupont extracted tooth number 25 and tooth number 26 from the plaintiff's jaw. Dr. Sochacki informed the plaintiff that he would be eligible to receive partial dentures.

On June 12, 2014, Dr. O'Shea extracted the plaintiff's right upper molar, tooth number 2, because of heavy tartar, plaque, bone loss and lack of stability. The plaintiff claims that tooth number 2 did not have to be extracted and could have been saved. The plaintiff alleges Dr. O'Shea did not take an x-ray of tooth number 2 to determine the degree of bone loss prior to extracting tooth number 2.

In June 2016, Dr. Lichtenstein examined the plaintiff and reviewed the prior x-rays of the plaintiff's teeth numbers 23, 24, 25, 26. He concluded that two of the four teeth that had been extracted should not have been extracted and could have been saved. (Compl., ECF No. 19 at 2.)

Dr. Benoit is the Director of Dentistry for Correctional Managed Health Care. The

plaintiff claims that Dr. Benoit failed to properly train Drs. Sochacki, Dupont, Shivy and O'Shea. In addition, Dr. Benoit was aware of the deficiencies in the dental program including inadequate staffing and inadequate training and delays in treatment at Cheshire.

The plaintiff sues defendants Brown, Lichtenstein, Sochacki, Dupont, Shivy, and O'Shea in their individual capacities only and defendant Benoit in his official capacity only. The plaintiff seeks declaratory and injunctive relief and monetary damages.

**III. Analysis**

    A.    <u>Official Capacity Claims</u>

The Eleventh Amendment bars the claims against defendant Benoit in his official capacity for punitive and compensatory damages. *See Kentucky v. Graham*, 473 U.S. 159 (1985) (Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacity); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (Section 1983 does not override a state's Eleventh Amendment immunity). Accordingly, the claims for monetary relief against defendant Benoit in his official capacity are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

    B.    <u>Claims against Sharon Brown</u>

It is apparent that the claims against Health Services Administrator Brown are limited to events that occurred in 2012. The Second Circuit has held that the general personal injury statute of limitations set forth in Connecticut General Statutes § 52-577 should be applied to the filing of Section 1983 claims arising in Connecticut. *See Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d Cir. 1994). Section 52-577 sets a three-year limitations period running from "the date of the act or omission complained of." Conn. Gen. Stat. § 52-577. Although the federal court looks to state

law to determine the applicable statute of limitations for claims arising under Section 1983, the court looks to federal law to determine when a federal claim accrues. *See Guilbert v. Gardner*, 480 F.3d 140, 149 (2d Cir. 2007)("In a federal question case . . . when a federal court determines the limitations period by applying an analogous state statute of limitations, the court nevertheless looks to federal common law to determine the time at which the plaintiff's federal claim accrues.") (citations omitted). A federal cause of action accrues "when the plaintiff knows or has a reason to know of the harm or injury that is the basis of the action." *M.D. v. Southington Bd. of Educ.*, 334 F.3d 217, 221 (2d Cir. 2003) (internal quotation marks and citation omitted).

The statute of limitations ordinarily is an affirmative defense. A district court may, however, "dismiss an action *sua sponte* on limitations grounds in certain circumstances where 'the facts supporting the statute of limitation defense are set forth in the papers plaintiff himself submitted.'" *Walters v. Industrial and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) (quoting *Leonhard v. United States*, 633 F.2d 599, 600 n.11 (2d Cir. 1980)).

The plaintiff filed the complaint in this action on May 24, 2017, more than four years after he submitted a grievance to Sharon Brown in September/October 2012 regarding his requests for additional or new pain medication and root canals instead of extractions of his teeth. There are no facts to suggest that the plaintiff was unaware of his claims against Health Administrator Brown at the time they occurred in 2012. Nor are there facts to suggest a continuing violation or other tolling theory against Brown. Thus, the court concludes the allegations against Brown are barred by the three-year statute of limitations. The claims against Health Administrator Brown are dismissed, but the dismissal is without prejudice so that the plaintiff has an opportunity to allege any facts that he can allege, consistent with Rule 11 of the

Federal Rules of Civil Procedure, to support any tolling theory. *See* 28 U.S.C. § 1915A(b)(1).

    C.    <u>Claims against Dr. Lichtenstein</u>

The plaintiff contends that in 2016, after examining and reviewing prior x-rays of the plaintiff's teeth, Dr. Lichtenstein failed to report or make note of his conclusion regarding the unnecessary extraction of two the plaintiff's teeth by other defendants. The plaintiff claims that these omissions violated his Eighth Amendment rights.

I cannot discern how Dr. Lichtenstein's alleged failure to report his findings, either orally or in writing, regarding two of the plaintiff's extracted teeth rose to the level of a violation of the plaintiff's constitutional rights. The plaintiff acknowledges that during his appointment with Dr. Lichtenstein in June 2016, Dr. Lichtenstein informed him that two of his teeth were needlessly extracted in 2012. Nothing precluded the plaintiff from informing other dental providers about this information or from seeking other relief that might have been available.

At most, Dr. Lichtenstein's alleged failure to report his conclusion either orally or in writing in the plaintiff's medical records constituted negligence. Negligence or malpractice is not cognizable in a Section 1983 action. *See Hill v. Curcione,* 657 F.3d 116, 123 (2d Cir. 2011) ("Medical malpractice does not rise to the level of a constitutional violation unless the malpractice involves culpable recklessness—an act or a failure to act by a prison doctor that evinces a conscious disregard of a substantial risk of serious harm." (internal quotation marks and citation omitted)); *Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) ("Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law."); *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) ("[M]ere medical malpractice is not tantamount to deliberate indifference . . . [unless] the malpractice involves . . . an act or

failure to act by the prison doctor that evinces a conscious disregard of a substantial risk of serious harm." (internal quotation marks and citation omitted)). Accordingly, the Eighth Amendment claims against Dr. Lichtenstein are dismissed. *See* 28 U.S.C. § 1915A(b)(1).

    D.    <u>Remaining Claims</u>

I conclude that the plaintiff has alleged sufficient facts to support plausible Eighth and Fourteenth Amendment claims of deliberate indifference to dental needs against Drs. David Sochacki, John F. Dupont, Jr., Victor W. Shivy, Dr. Peter O'Shea, and Dr. Richard Benoit. "An Eighth Amendment claim arising out of inadequate medical care requires a demonstration of deliberate indifference to a prisoner's serious medical needs." *Hill*, 657 F.3d at 122 (2d Cir. 2011) (internal quotation marks and alterations omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The plaintiff has alleged that these defendants needlessly extracted several teeth and ignored his requests for pain medication, as well as that defendant Benoit failed to train the other defendants and was aware of serious issues in the dental treatment program at Cheshire. *See Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir.1998) (internal quotation marks omitted) ("[A]n act or a failure to act by a prison doctor that evinces a conscious disregard of a substantial risk of serious harm."). These Eighth and Fourteenth Amendment claims, as well as the plaintiff's state law claims, will proceed against defendants Sochacki, Dupont, Shivy, and O'Shea in their individual capacities and against defendant Benoit in his official capacity.

## IV. CONCLUSION

In accordance with the foregoing analysis, I enter the following orders:

    (1)    All claims against the Sharon Brown and Dr. Bruce Lichtenstein are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) and the claim for monetary damages against

Dr. Richard Benoit in his official capacity is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2). The Eighth and Fourteenth Amendment deliberate indifference to dental needs claim and the claims under state law will proceed against Drs. David Sochacki, John F. Dupont, Jr., Victor W. Shivy, and Dr. Peter O'Shea in their individual capacities and against Dr. Richard Benoit in his official capacity.

(2) **Because the plaintiff paid the filing fee to commence this action, he is responsible for serving the complaint on the defendants.** In accordance with the requirements of Fed. R. Civ. P. 4 and within 60 days of the date of this order, the plaintiff shall effect service of the complaint and a copy of this order on each of the following defendants in his individual capacity: David Sochacki, John F. Dupont, Jr., Victor W. Shivy, and Peter O'Shea and shall effect service of the complaint and a copy of this order on Dr. Richard Benoit in his official capacity. The plaintiff shall file returns of service within 70 days of the date of this order.

(3) **The Clerk shall** send plaintiff instructions for service of the complaint, together with five copies of the complaint, five copies of this order, four blank Notice of Lawsuit forms, six blank Waiver of Service of Summons forms and four copies of the complaint to enable the plaintiff to serve a copy of the complaint on Sochacki, Dupont, Shivy, and O'Shea in their individual capacities and one blank summons form for plaintiff to complete and return to the Clerk for issuance to enable plaintiff to serve a copy of the summons and complaint on defendant Dr. Benoit his official capacity using the address of the Office of the Attorney General, 55 Elm Street, Hartford, Connecticut 06141.

(4) Defendants Sochacki, Dupont, Shivy, O'Shea, and Benoit shall file their response to the complaint, either an answer or motion to dismiss, within sixty (60) days from the date the

notice of lawsuit and waiver of service of summons forms are mailed to them. If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They may also include any and all additional defenses permitted by the Federal Rules.

(5) Discovery, pursuant to Fed. R. Civ. P. 26 through 37, shall be completed within seven months (210 days) from the date of this order. Discovery requests need not be filed with the court.

(6) All motions for summary judgment shall be filed within eight months (240 days) from the date of this order.

(7) **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the complaint and this order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

SO ORDERED at Hartford, Connecticut this 13 day of November, 2017.

/s/
Michael P. Shea
United States District Judge